STATE OF MINNESOTA *ex rel.* George Schmitt *vs.* JOHN L. MACDONALD.

December 19, 1882.

**Mandamus— Settlement of Bill of Exceptions.—** A party complaining that a statement of the case or bill of exceptions is erroneously settled, should ordinarily, in the first instance, make a regular application to the court or judge for a resettlement. Thereafter, if necessary, *mandamus* will lie to compel a correct settlement.

Order to show cause why a writ of *mandamus* should not be issued, directing respondent, as judge of the district court for Scott county,

to restore certain statements in a proposed case which had been stricken out by the court when it was presented for settlement. A former application for the writ was considered by this court in *State v. Macdonald*, 29 Minn. 440.

*Brown & Hawkins*, for relator.

*Southworth & Marrinan*, for respondent.

VANDERBURGH, J.*   In the case of Elizabeth Schmitt against George Schmitt, in the district court of Scott county, the defendant's proposed case, with the plaintiff's proposed amendments thereto, was by stipulation submitted to his honor Judge Macdonald for settlement, without any discussion or argument of counsel. Thereupon he allowed two of the amendments, striking out certain portions of the case as proposed, and which defendant deems important and necessary to represent certain alleged omissions and irregularities in the proceedings, which, as he claims, seriously affected his rights. The plaintiff in the action having refused to consent to have these paragraphs restored to the case, defendant's counsel applied to the judge *ex parte*, and informally requested him to modify his action in the premises, and to sign an engrossed copy of the case containing them as originally prepared. The judge having refused to entertain the application unless formally made upon notice, the defendant in that action thereupon obtained a rule to show cause why a peremptory writ of *mandamus* should not issue out of this court, requiring him to allow and settle the case so as to correctly present the alleged matters. Gen. St. 1878, *c.* 80, § 12.

Upon the hearing the respondent moved to dismiss the rule, on the ground that no proper application for a resettlement of the case had been made before him. We think the point well taken. The correct practice is to move for a resettlement before the judge who tried the cause, and to give him an opportunity to revise his action, before applying for a writ of *mandamus;* though the circumstances may be such in some cases, after final action by the judge, as to render such application unnecessary. 3 Wait, Pr. 432; *O'Gorman v. Kamack,* 5 Daly, 517, 520; *State v. Cox,* 26 Minn. 214. There-

*Mitchell, J., because of illness, took no part in this case.

after, if necessary in order to compel a correct settlement of the case, the party will be entitled to apply to this court for a *mandamus. Delavan* v. *Boardman*, 5 Wend. 132. As to the practice and form of the writ and return in such cases, see *People* v. *Baker*, 35 Barb. 105.

In view of the possible renewal of this application, it may be proper to remark that, if the matters contained in these paragraphs are in accordance with the truth, we are unable to see why they should not be retained. The practice is not to be commended or encouraged of unduly incumbering the record with immaterial matters. But where the recital is of facts which actually occurred, or of material omissions in the proceedings which were actually made, such recital or statement may be necessary to a full understanding or proper application of the points sought to be raised on appeal. Hence the trial court will hesitate to strike out the same against the objection of counsel.

Rule dismissed.