DANIEL SCHUMANN and another *vs.* PETER M. MARK.

July 7, 1886.

**Striking Out Part of Proposed Case—Remedy.**—That the court below improperly struck out matter from a proposed "case" is no ground of motion for a new trial.

**Appeal — Review of Refusal to Allow Amendment to Pleading. —** This court will not review a refusal to allow an amendment to a pleading, unless the record shows what the proposed amendment was.

**Vendor and Purchaser—Conditions made Essential—Cancellation.—** Where a contract to convey on performance of conditions precedent expressly stipulates that strict performance of the conditions on time is of the essence of the contract, and there is a failure to perform, unexcused, a court of equity will regard the contract at an end, and may in its discretion cancel it.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial. The action was brought by plaintiffs, as grantees of one Bendeke, to cancel a contract for conveyance made between their grantor and defendant, and was tried by *Young*, J., without a jury.

*Merrick & Merrick* and *Davenport & Thian*, for appellant.

*Jno. W. Arctander*, for respondents.

GILFILLAN, C. J.   If the defendant deemed himself aggrieved by the action of the court below in striking from his proposed case matter relative to his proposed amended answer, his remedy was not a motion for a new trial, but that indicated in *State* v. *Macdonald*, 30 Minn. 98, (14 N. W. Rep. 459,) to wit, to move for a resettlement of the case, and, in case of refusal, to apply for a *mandamus*. As the case comes to us, there is nothing in it showing what amendment to the answer was proposed, so we have nothing on which to review the refusal to allow it.

As to the finding of fact that there had been no waiver of defendant's default, it is not only in accordance with the evidence, but there is no evidence whatever to the contrary. The contract between Bendeke and defendant was a contract to sell and convey on the per-

formance of certain conditions precedent which should be strictly performed on time; and that, on failure to perform, Bendeke should be released from the obligation to convey, was clearly and explicitly expressed in the contract.    Defendant did not perform, and did not show or attempt any excuse for non-performance.    Upon such a case, a court, whether at law or equity, would not hesitate to declare the contract at an end, as the parties stipulated it should be, and a court of equity might, in its discretion, cancel the contract.    *Dahl* v. *Pross*, 6 Minn. 38, (89;) *Yoss* v. *De Freudenrich*, Id. 45, (95.)

Order affirmed.