WILLIAM H. HARRIS *vs.* SARAH E. KERR.

December 13, 1887.

37  537
43  462
37  597
44  478
37  537
59  456

**New Trial—Nominal Damages.**—Where nothing else is involved, the court will not order a new trial to enable a party to recover only nominal damages.

**Appeal—Incomplete "Case."**—Where a court, in the course of a trial, denied a motion to amend a pleading, in part because of what the counsel for the moving party said in his opening to the jury, what was said by him must be made part of the settled case before the court will review the decision.

Appeal by defendant from an order of the district court for Washington county, *Crosby, J.*, presiding, refusing a new trial.

*Fayette Marsh*, for appellant.

*C. H. Wilson*, for respondent.

GILFILLAN, C. J. Action to recover the price of a horse sold, and also for the board of the horse. The answer denied the allegations in the complaint as to the board of the horse, and, as a defence against the claim for the price, alleged that, at the purchase, plaintiff made certain representations as to the soundness of the horse, and warranted it to be as he represented, and alleged the falsity of the representations, and, in effect, that the horse was not as warranted. No damages for the breach of warranty were alleged, and the allegations of the answer were insufficient to make a charge for false and fraudulent representations, for it does not allege any fraudulent intent, nor any reliance on the representations. The answer alleges that defendant returned the horse to plaintiff, on the ground that he had been deceived by said false representations. The reply put in issue the new matter in the answer.

At the trial plaintiff made a *prima facie* case to recover on both claims alleged in the complaint, showing a sale of the horse, and· that, when afterwards defendant sent it back, by her agent, without stating any reason for it, plaintiff refused to receive it, except as a boarder, for which he informed the agent he would charge defendant

the same as any one else, $18 a month. Thereupon the horse was left with plaintiff. Defendant introduced evidence, in the course of which she asked leave to amend the answer by inserting allegations to the effect that the representations of plaintiff set forth in the answer were false and fraudulent, and made with intent to cheat and defraud defendant, and were relied on by her. The court declined to allow the amendment, saying that in so doing he should be governed very largely by the opening of defendant's counsel to the jury as to what the testimony would be. The most that can be said for defendant's testimony under the answer is that it tended to make' a case of warranty, but no damages were shown. When the defendant rested, she requested the court to state, and make a part of the record, the language claimed by the court to have been used by counsel in opening the case, on which the court based the exercise of its discretion in refusing the amendment. There does not appear to have been any ruling on this request. The court thereupon directed a verdict for plaintiff for the amount claimed in the complaint.

If it can be said that this was technically wrong, because, on the evidence, the case ought to have gone to the jury on the issue of warranty, still, as there was no proof of damages, the error, if any, was of no substantial prejudice to the defendant; for, if the jury had found a warranty, they could have allowed only nominal damages. A new trial would not be allowed to give a party an opportunity to recover only nominal damages,—one cent or five cents,—when nothing else was involved.

The matter of amending the answer was in the discretion of the court, and there is nothing in the record to enable us to review it. What defendant's counsel said in his opening is not in the record, and he did not take the right course to have it put on the record. If he desired that done, he should have set forth what he said in his opening in his proposed statement of the case, for that is the proper mode of making what takes place in the course of a trial part of the record.

Order affirmed.