### H. HENDRICKSON v. ANDREW BACK.

October 31, 1898.

Nos. 11,298—(185).

**Appeal—Return Insufficient to Present Question Argued—Rule of Damages upon Breach of Warranty of Title.**

Order of the court below granting a new trial affirmed, on the ground that the return is insufficient to present the question argued in the briefs. But, in view of such new trial, the rule is stated for the ascertainment of damages sustained by a vendee of personal property where there has been a breach of an implied warranty against incumbrances, and the vendee has been deprived of the property by an assertion of the paramount title or right.

Action in the district court for Grant county by plaintiff, as administrator of the estate of Peter G. Westling, deceased, to recover $85 on a promissory note executed and delivered by defendant to plaintiff's intestate. The defense set up in the answer was that defendant had purchased from plaintiff's intestate a harvester and binder for which he agreed to pay $75; that plaintiff's intestate warranted the title; that there was a breach of the warranty, in

that, at the time of the sale, the harvester and binder had been mortgaged to William Deering & Co. to secure a debt of $90; that the mortgagee three years after the sale had foreclosed its mortgage and taken possession of the harvester and binder; and that the note in suit had been given for the purchase price. The cause was tried before C. L. Brown, J., and a jury, and there was a verdict in favor of plaintiff for $70.14. On motion of defendant, the court granted a new trial, and from this order plaintiff appealed. Affirmed.

*T. & M. Casey,* for appellant.

The measure of damages for breach of warranty of title to personal property is its value at the time the purchaser is deprived of the possession. Kimball v. Bryant, 25 Minn. 496; Ogden v. Ball, 38 Minn. 237; Sable v. Brockmeier, 45 Minn. 248; Close v. Crossland, 47 Minn. 500; Hull v. Caldwell, 3 S. D. 451.

*E. J. Scofield,* for respondent.

If there is a breach of warranty of title, and the vendee is deprived of the article sold by paramount title, the measure of damages is the price paid; or if there is not a complete failure of title, but merely an incumbrance on the property, he is entitled to recover the amount necessary to discharge the incumbrance. 28 Am. & Eng. Enc. 849; Close v. Crossland, 47 Minn. 500; Smeltzer v. White, 92 U. S. 390; Arthur v. Moss, 1 Ore. 193; Thiele v. Axell, 5 Tex. Civ. App. 548.

COLLINS, J.

The return in this action consists solely of certified copies of the pleadings, verdict of the jury in plaintiff's favor, order of the court below granting defendant's motion for a new trial,—made, as appears in the order, upon the minutes of the court,—and the notice of appeal. It also appears in the order that the motion was granted on the ground that the court erred in its charge to the jury.

The order appealed from must be affirmed, because on this record there is nothing to review. There is no bill of exceptions, and no settled case. The procedure preliminary to an appeal in cases where motions for new trials, made on the minutes of the court, are granted or denied, is pointed out in G. S. 1894, § 5399. The recitals

in the order cannot supply the place in a bill of exceptions or a settled case.

In view of the fact that a new trial has been ordered, it is advisable for this court to refer to the question which, from the order and the briefs, we suppose is in controversy, namely, what is the measure of damages where there has been a breach of an implied warranty against incumbrances on personal property, and the vendee has been deprived of such property by an assertion of the paramount title or right,—in this instance, by the foreclosure of a mortgage. From the order it seems that the charge to the jury was that the vendee was entitled to recover as damages the value of the property when it was taken from him, and damages were awarded on this basis, and that in passing upon the motion the court held its charge to have been erroneous, and that it should have stated that the vendee's damages were the price paid for the chattel.

Unless we are to lose sight of the cardinal principle which governs when estimating and awarding damages in civil actions, which is simply compensation to the injured party, the court was right in its charge, and wrong when it concluded that an error had been committed. It was held in Close v. Crossland, 47 Minn. 500, 50 N. W. 694, in a case involving this very question, that the damages are the actual loss, which is the value of the chattel purchased. Of course, there might be circumstances which would affect any particular case. Under the rule established by the granting of the motion, the damages actually sustained might be more or might be less than the recovery, depending on the real value of the chattel when the paramount title was asserted as against the vendee; that is, whether the real value was more or less than the price paid.

A good illustration of this is found in the present case. Defendant purchased in 1892, agreeing to pay $75 for the harvester and binder in question. He gave his note for this sum to his vendor, plaintiff's intestate, and the note in suit was given in renewal in 1894. The machine was mortgaged, but no claim for possession was asserted until 1895, and it was then worth but $25. Defendant had the possession and the use for three years, during which time the property would materially decrease in value. His actual loss when the paramount title or right was asserted was the value of

the property when taken away from him, and his loss would have been the same if he had bought the machine for $10 in 1892.

We call attention to the fact that in a number of the text-books on the subject of damages the rule finally adopted by the trial court is laid down, and cases cited in support of it. An examination of these cases will show that, with two or three exceptions, they do not sustain the rule, and quite a number are authority for what we believe to be the only just doctrine.

In conclusion, we observe that the rule above stated as the true one is in harmony with those applied where there has been a breach of warranty of quality, or where delivery of goods purchased has been refused.

Order affirmed.