## STATE v. STEVE ATANOSOFF.[1]

### November 16, 1917.

### No. 20,546.

**Appeal and error — settlement of case — order not appealable.**

1. An order denying a motion to settle a case is not appealable, nor is it reviewable on appeal from the order denying a new trial. Mandamus is the remedy.

**Same — challenge to grand jury — when not reviewable.**

2. In the absence of a certification under the statute, or a case or bill of exceptions, a ruling on a challenge to the grand jury cannot be reviewed; nor without a case or bill of exceptions can rulings at the trial or the sufficiency of the evidence be considered.

Defendant was indicted by the grand jury for the crime of murder in the first degree, tried in the district court for Itasca county before Wright, J., and a jury which found defendant guilty of murder in the second degree. From an order denying his motion to settle a case and for a new trial, defendant appealed. Affirmed.

*R. A. McOuat,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Ralph A. Stone,* County Attorney, for respondent.

DIBELL, C.

The defendant was convicted of murder in the second degree and appeals from the order denying his motion to settle a case and his motion for a new trial.

1. There is no settled case nor bill of exceptions. The court denied

[1]Reported in 164 N. W. 1011.

the defendant's motion to settle his proposed case. The order denying the motion is not appealable nor is it reviewable on the appeal from the order denying the motion for a new trial. Mandamus is the remedy. 1 Dunnell, Minn. Dig. § 1383, et seq; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Schumann v. Mark, 35 Minn. 379, 28 N. W. 927; State v. MacDonald, 30 Minn. 98, 14 N.W. 459; State v. Cox, 26 Minn. 214, 2 N. W. 494.

2. In the absence of a certification under the statute, or a bill of exceptions or settled case, a ruling on a challenge to the grand jury cannot be reviewed; nor without a case or bill of exceptions can rulings at the trial or the sufficiency of the evidence to sustain the verdict be considered. See G. S. 1913, § 9251; 1 Dunnell, Minn. Dig. & 1916 Supp. §§ 342-350, 1368, 1369, 2493, and cases cited. This is the character of the objections urged by the appellant.

So far as the appeal is directed to the order denying the defendant's motion to settle a case it is dismissed. So far as the order denies a new trial it is affirmed.

Order affirmed.