HAROLD  K.  CHANCE  v.  CHARLES  HAWKINSON  AND
OTHERS.[1]

May 24, 1918.

No. 20,895.

**Mortgage — registration tax.**

> The proper registry mortgage tax upon a mortgage of $850, as the
> law existed in 1912, was $4.

Action in the district court for Hennepin county to determine adverse
claims to certain lots. The facts are stated at the beginning of the
opinion. The case was tried before Waite, J., who made findings and
ordered judgment in favor of plaintiff and that defendant Hawkinson
was entitled to judgment decreeing that the title of plaintiff in the
premises was subject to the lien of the mortgage and the foreclosure.
Plaintiff's motion for amended findings and conclusions of law was
granted in part. From the order denying his motion to amend the
conclusions of law or for a new trial, plaintiff appealed. Affirmed.

*Harold K. Chance,* pro se.

*George M. Bleecker,* for respondent.


PER CURIAM.

In this action to determine adverse claims to two lots the answer al-
leged that plaintiff's father, when the owner of the lots, executed a mort-
gage thereon to respondent to secure a note of $850; that the mortgage
was duly recorded on June 15, 1912; that default in its condition oc-
curred; that on February 5, 1917, a statutory foreclosure thereof was
completed, the premises bid in by respondent, the mortgagee, and a
proper sheriff's certificate of sale issued to him. The reply alleged that
plaintiff's father was the owner of the lots in 1914, when he died in-
testate; that the estate was duly probated, and the lots assigned to his
children; that plaintiff has acquired the interest of the other children;

[1]Reported in 167 N. W. 734.

and further, as a defense, alleged that the pretended mortgage of respondent did not exist; that it had not been recorded, and that the mortgage registration tax had not been paid. The court found that plaintiff's father, when the owner of the land, for a valuable consideration executed the note and mortgage mentioned, and that, before filing the mortgage for record, the registry tax thereon in the sum of $4 was duly paid, that it was duly foreclosed as stated in the answer, and, as conclusion of law, the court found that respondent was entitled to judgment that the title of plaintiff is subject to the lien of respondent's mortgage and the foreclosure thereof.

The record is not such that the validity of the foreclosure is before us. There is no merit in the proposition that respondent could not proceed with the foreclosure of the mortgage and at the same time set up his claim in this action, instituted after the foreclosure proceeding was begun.

Several other questions of law are presented by the assignments of error, only one of which needs to be considered, for it is decisive of the appeal. Plaintiff contends that the registry tax required under section 2 of chapter 328, p. 449, Laws 1907, as interpreted in State v. Fitzgerald, 117 Minn. 192, 134 N. W. 728, was $4.25 and not $4, the amount paid by respondent. The section reads:

"A tax of fifty cents is hereby imposed upon each one hundred dollars, or major fraction thereof, of the principal debt or obligation which is, or in any contingency may be, secured by any mortgage of real property situate within the state which mortgage is recorded or registered on or after April 30, 1907."

There had been no amendment of this section when respondent's mortgage was recorded. It seems clear that the proper tax then for a mortgage exceeding $750 and not exceeding $850 would be $4 under the plain reading of this act. That is, the legislature did not intend the tax to be computed upon the dollar or cent unit of the debt, but upon the one hundred dollar unit, or a major fraction of that unit. The language of the Fitzgerald case was carefully chosen to express the idea that the measure or unit definitely stated in the law should be applied in all cases, except where the debt secured is $50 or less, Mr. Justice Bunn saying: "The adoption of the unit system of ascertaining the amount

of the tax on each mortgage, though it may result in slight inequality in a few cases, brings substantial equality and does not render the law void. This unit or measure can be legally used when the amount secured by the mortgage is more than $50, but is inapplicable when it is attempted to apply it to a mortgage of $50 or less, because the measure is too large." The right amount of tax was paid and the mortgage was a valid record lien on the lots.

The order must be affirmed.