### ELIZABETH CHANCE v. CHARLES HAWKINSON AND ANOTHER.[1]

#### May 13, 1921.

#### No. 22,202.

**Appeal and error — what reviewable.**

1. The record does not show a consolidation of two actions as claimed by plaintiff, and the appeal brings for review the judgment in one.

**Same.**

2. In the absence of a settled case this court cannot review the action of the trial court in directing a verdict.

**Exclusion of evidence — statute inapplicable.**

3. There was no error under the facts stated in the opinion in ex-

[1]Reported in 182 N. W. 911.

cluding evidence that a third person was in the naval service. The Soldiers' and Sailors' Civil Relief Act was without application.

**Federal act does not apply.**

4. The act of February 13, 1911 (36 St. 901), has no application to procedure in a state court.

**State statute — adverse claims.**

5. The plaintiff was deprived of no right given by Laws 1919 (Ex. Sess.) c. 5.

Action of ejectment in the district court for Hennepin county and to recover $12,000 damages. The case was tried before Bardwell, J., who directed a verdict in favor of defendants. Plaintiff's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*H. K. Chance,* for appellant.

*C. M. Bleecker,* for respondents.

DIBELL, J.

Elizabeth Chance brought an action to recover possession of real property in Minneapolis against the defendants Charles Hawkinson and wife. This action in the court below is No. 167,080. Harold K. Chance was afterwards substituted as plaintiff. His name has not been carried into the title. Harold K. Chance later brought an action against the same defendants and others involving the same property. This action in the court below is No. 168,511. The appeal is from a judgment in favor of the defendants.

1. The first mentioned action resulted in a verdict directed for the defendants and judgment was entered on November 15, 1920. The appeal is from that judgment and assumes to reach all intermediate orders, findings and judgments in both actions.

The plaintiff claims that the two actions were consolidated and that they are both for review. This is not the record. An examination of the papers returned shows that judgment was entered on June 18, 1919, in No. 168,511. The judgment in No. 167,080, entered November 15, 1920, purports to be upon a verdict rendered under direction of the court. No mention of the additional parties in the other action is made. Both numbers are indorsed on the judgment and are written at the top. There is no order consolidating the cases. Neither the court

nor the parties treated them as consolidated and they were not consolidated. This appeal reaches the judgment in No. 167,080, but not the judgment in No. 168,511.

2. There is no settled case. Apparently the substantial issue was whether Elizabeth Chance was married to one Oliver K. Chance at the time he made a mortgage upon homestead property, under the foreclosure of which the defendants claim title. She did not join, and if she was then his wife the mortgage was void. Without a settled case bringing to us the evidence before the trial court, we are unable to review the contention of the plaintiff that there was error in directing a verdict for the defendants. This is necessarily so, has been so held over and over, and there is nothing in the plaintiff's contention to discuss.

3. The court settled a part of the transcript of the testimony as a bill of exceptions. It appears from it that proof was rejected that Horace C. Chance was in the naval service. There is nothing to indicate error in this. The Soldiers' and Sailors' Civil Relief Act of March 8, 1918 (40 St. 440), does not apply. The mortgage had been foreclosed long before the statute and before the war. Horace C. Chance is not a party. It does not appear by any competent evidence that Harold K. Chance took title from him. If he did it was before the statute and the war. There is nothing in the record to show the materiality or competency of the proof rejected.

4. Were it not that plaintiff urges as if in earnest that the act of February 13, 1911 (36 St. 901), relating to Federal appeals, has application here, we would not mention it. We dispose of the claim by saying that the statute has no application at all to procedure in a state court. That a Federal question may be involved makes no difference. There is no room for argument.

5. Neither is there anything in the plaintiff's claim of a deprivation of a right given by Laws 1919 (Ex. Sess) p. 6, c. 5. The action is ejectment. It is not to determine adverse claims. There are not two plaintiffs. It is not within the terms of the statute. Whatever the proper application of the statute is, it is clearly without application here.

We have referred to all the points that need particular mention and to some which might well enough be passed without discussion. The plaintiff seems to claim something by virtue of the decision in Chance

v. Hawkinson, 140 Minn. 250, 167 N. W. 734. Even if that case were before us, the claim is groundless. The court there held, in accordance with a prior decision, that the proper registration tax was paid and nothing else. The foreclosure was not held invalid.

The plaintiff has not printed the paper book required by the rules. A mass of original records, including the judgment rolls in No. 167,080 and No. 168,511, and other original files in the court below, have been filed with the clerk of this court. Necessarily we have examined them to ascertain the real controversy and the actual questions presented for review. Counsel should not carry the impression that he is losing on a technicality. He had a trial below which resulted in the judgment. Just what occurred he has not chosen to present to this court for review. The trial court treated him with great patience and gave him every opportunity to procure a settled case. He persistently refused and relies wholly upon technical claims of. no substance or merit. Everything reviewable on the record has been examined and the plaintiff has nothing of which to complain.

Judgment affirmed.