MARIE TERGEON v. ALFRED JOHNSON.[1]

November 20, 1925.

No. 25,019.

**Dismissal and nonsuit.**

1. At any stage of trial defendant has absolute right to move for dismissal on ground complaint does not state facts sufficient to constitute a cause of action. Such motion is in effect one for judgment on the pleadings based on insufficiency of complaint. [Reporter.]

**Appeal without case or bill of exceptions.**

2. When demurrer to sufficiency of complaint is sustained or motion for judgment on the pleadings is granted and judgment entered, plaintiff may obtain review on appeal without a case or bill of exceptions, nothing but the pleadings having been considered by trial court. [Reporter.]

**Appeal with case or bill of exceptions.**

3. When motion to dismiss action for insufficiency of complaint is made at any stage of trial, and motion is granted and plaintiff appeals from denial of his motion for new trial, a case or bill of exceptions must be

1Reported in 205 N. W. 888.

settled and included in printed record to obtain review of order, for in their absence there is nothing before supreme court for consideration and all it can do is to dismiss appeal or affirm order. [Reporter.]

**Dismissal of appeal on motion of court.**

4. Where defendant entered judgment after appeal was taken, the court dismissed the appeal on its own motion that plaintiff might appeal from judgment and obtain a decision on the merits. [Reporter.]

Dismissal and Nonsuit, 18 C. J. p. 1178, § 81; p. 1201, § 129 (Anno).
Appeal and Error, 4 C. J. p. 179, § 1786; p. 180, § 1786; p. 591, § 2402.

Action in the district court for Hennepin county. At the trial, Baldwin, J., dismissed the action. Plaintiff appealed from an order denying her motion for a new trial. Appeal dismissed.

*B. H. Bowler* and *M. C. Bowler,* for appellant.
*Victor M. Petersen* and *L. E. Petri,* for respondent.

PER CURIAM.

This is a suit to enjoin the prosecution of an unlawful detainer action in the municipal court of Minneapolis and to obtain equitable relief. It concerns a contract for the sale by defendant to plaintiff and her husband of certain real property and the termination of the vendee's rights under the contract by a notice in the statutory form which was served on both vendees.

On March 19, 1925, the case came on for trial before one of the judges of the district court of Hennepin county. Thereupon the defendant moved for a dismissal on the ground that the complaint failed to state a cause of action, and on the further ground that there was a defect of parties. On April 13 the court entered an order dismissing the action on both grounds. Instead of awaiting the entry of judgment and appealing therefrom, plaintiff moved for a new trial and appealed from a denial thereof without having a case or bill of exceptions settled and allowed.

It is well settled that at any stage of a trial the defendant has an absolute right to move for a dismissal on the ground that the complaint does not state facts sufficient to constitute a cause of action. Dun. Dig. §§ 7682, 7683. In effect such a motion is one for judgment on the pleadings based on the insufficiency of the complaint. Dun. Dig. §§ 7689, 7693. When defendant challenges the sufficiency of the complaint by demurrer or by motion for judgment on the pleadings, made on written notice before the trial, and the demurrer is sustained or the motion granted and judg-

ment entered, plaintiff may obtain a review without a case or bill of exceptions. In either case nothing but the pleadings could be considered by the trial court, hence they alone are the basis for a review of the action of the court.

When a motion to dismiss for insufficiency of the complaint is made, either at the opening of the trial or at any subsequent stage thereof, and the motion is granted and plaintiff bases his right to a review upon the denial of a motion for a new trial, a different situation arises. To obtain a review of an order denying a new trial, a case or bill of exceptions must be settled and included in the printed record. In the absence thereof, this court cannot consider the appeal on the merits, for there is nothing before it for consideration; all it can do is to dismiss the appeal or affirm the order. Hendrickson v. Back, 74 Minn. 90, 76 N. W. 1019.

It appears that, after the appeal was taken, defendant had judgment entered. Plaintiff may wish to appeal from the judgment and obtain a decision on the merits. Therefore the present appeal is dismissed by the court on its own motion.