# W. T. BAILEY LUMBER COMPANY, INC. v. EVELETH ELKS BUILDING CORPORATION.[1]

April 1, 1926.

No. 25,212.

**Materialmen entitled to liens, whether material was furnished to copartnership or corporation.**

1. During the progress of the construction of a building the contracting partnership incorporated under the copartnership name with "Inc." added. Neither the owner nor those furnishing materials knew of the change. *Held* that those furnishing materials both before and after the incorporation, and those furnishing only after the incorporation, were entitled to liens.

**Lien not invalidated by mistake in name of contractor.**

2. A mistake in the lien claim by using the copartnership name instead of the corporate name, or both, did not invalidate the lien.

[1]Reported in 208 N. W. 198.

**In absence of settled case or bill of exceptions, judgment sustained.**

3. A lien claim stated that work and material of a specified amount were furnished to an individual and the corporation. The answer of the claimant of the lien alleged a certain amount furnished to the individual and a certain amount to the corporation. The finding was that the amount stated in the lien claim was furnished to the corporation and such amount was adjudged a lien and no reference was made to the individual. There is no settled case nor bill of exceptions. It is *held* that the judgment is sustained.

> Appeal and Error, 4 C. J. p. 180 n. 34.
> Mechanics Liens, 27 Cyc. p. 200 n. 91; p. 286 n. 97 New.

Action in the district court for St. Louis county to foreclose a mechanic's lien. The case was tried before Hughes, J., who made findings as stated in the first paragraph of the opinion. Eveleth Elks Building Corporation appealed from the judgment. Affirmed.

*Fryberger, Fulton, Hoshour & Ziesmer*, for appellant.

*Archer & Rosemeier, Crassweller & Crassweller, James C. Melville, A. A. Trost, E. L. Gruber, Giblin & Manthey*, and *Lathers, Hoag & Lacy*, for respondents.

DIBELL, J.

Action to foreclose a mechanic's lien upon the property of the Eveleth Elks Building Corporation. There was judgment adjudging liens in favor of the plaintiff and the defendant and intervening lien claimants. The defendant Elks corporation appeals from the judgment.

1. About June 30, 1922, Evenson & Utterberg, a copartnership, entered into a written contract with the Elks corporation to construct a building in Eveleth. On February 1, 1923, Evenson & Utterberg, Inc., a corporation, was organized by the copartnership. Except for qualifying shares necessary to maintain a corporate organization the members of the copartnership owned the stock of the corporation. It was the usual case of a partnership changing its organization into corporate form. The corporation succeeded to the assets and assumed the liabilities of the copartnership; and it continued the con-

struction of the building. Neither the Elks corporation nor the lien claimants knew of the change.

The copartnership did not renounce its contract with the Elks; it was not abrogated by consent; nor did the Elks corporation release the copartnership. If the building was not constructed in accordance with the contract, or if the copartnership failed in the performance of its covenants, the Elks corporation could avail itself of such remedies as are appropriate upon the breach of a building contract; and so far as appears, its remedies are existent now.

The statute provides that "whoever contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery for any of the purposes hereinafter stated, whether under contract with the owner of such real estate or at the instance of any agent, trustee, contractor or subcontractor of such owner, shall have a lien upon said improvement * * * ." G. S. 1923, § 8490. Some of the lien claimants furnished the copartnership materials for the building before the organization, and continued furnishing afterwards with no notice of the change; and others furnished materials only after the incorporation. Those of the first class filed their claims as under a contract with the copartnership; and those of the other class as under a contract with the corporation, except in two or three instances where both, or the partnership alone, were named.

It is the contention of the Elks corporation that because of the change from copartnership to corporation the lien claimants are not entitled to liens. They cite Allen v. Frumet M. & S. Co. 73 Mo. 688; and incidentally Henry v. Mahone, 23 Mo. App. 83, and Bohem v. Seabury, 141 Pa. St. 594, 21 Atl. 674. It is sufficient to note the first one. There the landowners and the contractors, both of them copartnerships, changed during the progress of the work to corporate organizations. Perhaps we should assume that each knew of the change of the other. The court held that each change broke the continuity of a running account between the two, and fixed the date with reference to which the lien claim must be filed. It suggested, in support of this view, a doubt whether the assignee of an account

could file a lien in his own name; and if he could not the corporate successor of the copartnership contractor could not. This doubt was later resolved against the right of an assignee to file a lien claim in O'Connor v. Current River R. Co. 111 Mo. 185, 20 S. W. 16, a holding directly at variance with Kinney v. Duluth Ore Co. 58 Minn. 455, 60 N. W. 23, 49 Am. St. 528, which represents the long-settled law of this state, and to that extent the argument fails. And, as said in Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 111 F. 81, 91, the early disposition of the Missouri court, since abandoned, was to construe the mechanic's lien strictly as in derogation of the common law. We have adopted a liberal construction. But even in the Allen case the court held that the corporate plaintiff was entitled to a lien for all materials directly furnished the corporate defendant. This holding would give liens to the lien claimants who furnished materials after the incorporation of the contractor, unless it be that the corporation had no such relation to the original contractors or the Elks corporation as to permit a lien. The Missouri case, giving it all the adverse effect that can be claimed for it, is not controlling.

We find no difficulty in charging liens in either class of cases. We place our decision upon the ground that the copartnership was always bound to the Elks corporation, as it is now, on the building contract. Those who furnished materials to the copartnership before the incorporation and afterwards in ignorance of the change can recover of the copartnership and are entitled to a lien. Those who furnished to the corporation after it had taken over the contract can recover of the corporation. The corporation was so connected with the copartnership in the work of construction that the Elks corporation, through its original contract with the copartnership, is chargeable with liens for material which the lien claimants furnished the corporation. It matters not whether we consider the corporation in the position of a subcontractor of the contracting copartnership, or of an assignee of a part of the construction work, or of an agency created by the copartnership to complete the contract. The important fact is that whatever was done was done in

the way of performance of the Elks corporation contract with the copartnership, a contract which has never been abrogated and cannot be evaded by the Elks corporation so as to avoid liability for liens; and the material furnished was used in the performance of the contract for which the Elks corporation contracted.

2. The difference between the copartnership and corporation name was the abbreviation "Inc." The statute, G. S. 1923, § 8497, requires the lien statement to contain "the names of the claimant, and of the person for or to whom performed or furnished." The naming of the copartnership, which was still liable under its contract with the Elks corporation, instead of the corporation, in one instance, or the naming of both, as in another, should not invalidate the lien of a claimant furnishing material after the incorporation. No one was misled. The statute provides that "in no case shall the lien given by this chapter be affected by any inaccuracy in the particulars of the lien statement." G. S. 1923, § 8558. Under the liberal construction which attends our statute the variance should be ignored.

3. The lien claim of Paine & Nixon Company was for $548.40. It stated that the material and labor were furnished to "Ray England and Evenson & Utterberg, Incorporated." The answer claimed labor and materials amounting to $548.40, $470.17 against Evenson & Utterberg and $78.23 against Ray England. The finding is that the company furnished to Evenson & Utterberg material and labor to the amount of $548.40, for which a lien was adjudged.

Under G. S. 1923, § 8558, before noted, the inaccuracy in the lien statement does not affect the lien. This is not a case of joining two distinct claims against two different contractors. The finding is that the whole amount was furnished by Evenson & Utterberg. What occurred at the trial we do not know. The Elks corporation appeared. There is no case nor bill of exceptions. There might have been an amendment of the answer or objection to proof may have been waived. It is enough for us that the findings justify the conclusion and judgment. The lien is not invalidated by any inaccuracy in the statement nor by a variance in the pleadings.

Judgment affirmed.