## MARION KONKEL v. GEORGE FORT.[1]

December 2, 1955.

No. 36,604.

*Carl A. Jensen,* for appellant.
*H. M. Lamberton, Jr.,* for respondent.

MATSON, JUSTICE.

Plaintiff appeals from a judgment for the defendant in an action for damages for false arrest and for false imprisonment.

Without a settled case plaintiff seeks upon this appeal a review of alleged errors by the trial court with respect to its charge to the jury, its denial of plaintiff's alternative motion for judgment not-

---

[1]Reported in 73 N. W. (2d) 613.

withstanding the verdict or a new trial, and its granting of defendant's motion for an amendment of the pleadings. Plaintiff further seeks to review an order of the trial court denying his motion for a settled case.

■ The judgment from which this appeal is taken was entered August 18, 1954. Plaintiff served the notice of appeal upon defendant on February 14, 1955. Having failed *to order* the transcript of the proceedings within the 30-day period prescribed by Rule 59.07 of the Rules of Civil Procedure, plaintiff, subsequent to the taking of this appeal and over six months after judgment had been entered, moved the court for permission to order the transcript and obtain a settled case by virtue of the discretion vested in it by Rule 59.07. This motion was denied on March 18, 1955, as was a motion for rehearing on this motion on April 11, 1955. No appeal was taken from these orders and they are not before this court for review. An appeal from a judgment does not bring up for review orders entered subsequent to its rendition but only prior orders and rulings which result in the judgment.[2]

■ There is in fact nothing before the court for review since we do not have a settled case.[3] Aside from orders based solely upon the original records on file[4] (such as an order granting or denying judg-

[2]M. S. A. 605.09; Van Slyke v. Andrews, 146 Minn. 316, 178 N. W. 959, 12 A. L. R. 1068; Bergman v. Williams, 173 Minn. 250, 217 N. W. 127; Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570; McGovern v. Federal Land Bank, 209 Minn. 403, 296 N. W. 473; 1 Dunnell, Dig. (3 ed.) § 389.

[3]A bill of exceptions as a basis for a motion for a new trial or for an appeal has been abolished by Rule 59.02 of Rules of Civil Procedure. See, 3 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comments to Rule 59.02, par. 1, p. 305.

[4]Holtberg v. Bommersbach, 235 Minn. 553, 51 N. W. (2d) 586; Viiliainen v. American Finnish Workers Society, 236 Minn. 412, 53 N. W. (2d) 112; Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740; In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715.

ment on the pleadings[5]), jury instructions,[6] intermediate orders,[7] and rulings[8] cannot be reviewed on an appeal from a judgment unless they are included in a settled case,[9] and without a settled case the review is limited to the question of whether the conclusions of law embodied in the judgment are warranted by the findings of fact or by the verdict.[10] Since instructions to the jury are not a part of the original record in this state, no assignments of error with respect to them can be considered upon appeal unless the instructions are before the court as part of a settled case.[11] Clearly, the giving of an erroneous instruction to the jury is an error occurring at the trial since a case is on trial from the time it is called until the jury is discharged.[12] Likewise there can be no review of a denial of a new trial for any other errors of law occurring during the trial,[13] or a review of a denial or a granting of judgment notwithstanding the verdict,[14] since the trial court's rulings, and the evidence upon which the verdict rests, are not before the appellate court in the required authoritative form, namely, in the form of a

[5]See 1 Dunnell, Dig. (3 ed.) §§ 344, 344a, 349, and footnotes thereto, for other illustrative cases.

[6]Andersen v. City of Minneapolis, 182 Minn. 243, 234 N. W. 289; Hendrickson v. Back, 74 Minn. 90, 76 N. W. 1019; State v. Sackett, 39 Minn. 69, 38 N. W. 773; 1 Dunnell, Dig. (3 ed.) § 347.

[7]Palmer Fruit Co. v. Palmer, 153 Minn. 531, 197 N. W. 283.

[8]3 Dunnell, Dig. (3 ed.) § 1368.

[9]For excellent review of Minnesota cases bearing on need for a settled case, see 1 Dunnell, Dig. (3 ed.) §§ 344 to 350, and 3 Id. §§ 1368, 1369.

[10]See, Vossen v. Thulin, 244 Minn. 351, 70 N. W. (2d) 287; Strand v. Thomas, 173 Minn. 611, 216 N. W. 244; W. T. Bailey Lbr. Co. Inc. v. Eveleth Elks Bldg. Corp. 167 Minn. 5, 208 N. W. 198.

[11]In re Estate of Begley, 178 Minn. 141, 226 N. W. 404; Andersen v. City of Minneapolis, 182 Minn. 243, 234 N. W. 289; Hendrickson v. Back, 74 Minn. 90, 76 N. W. 1019; 1 Dunnell, Dig. (3 ed.) §§ 347, 348.

[12]In re Estate of Begley, *supra*.

[13]See, Lund v. John W. Thomas & Co. Inc. 195 Minn. 352, 263 N. W. 110; In re Estate of Begley, *supra;* Tergeon v. Johnson, 165 Minn. 482, 205 N. W. 888.

[14]Chance v. Hawkinson, 149 Minn. 91, 182 N. W. 911.

settled case.[15] Furthermore, this court will not review an order granting or denying an amendment of pleadings unless the record shows the actual amendment.[16] In this case the original file has been returned to this court, but it is of no help since it does not provide a basis for a ruling upon the questions here arising for review.

The judgment of the trial court must be and hereby is affirmed.

Affirmed.

---

[15]See, 1 Dunnell, Dig. (3 ed.) § 349, and 3 Id. § 1368.

[16]Schumann v. Mark, 35 Minn. 379, 28 N. W. 927; see, Harris v. Kerr, 37 Minn. 537, 35 N. W. 379; 1 Dunnell, Dig. (3 ed.) § 350. In passing on whether issues not raised by the pleadings were tried by express or implied consent, the same rule obviously applies. See, Rule 15.02 of Rules of Civil Procedure.