FAYE V. PETERSON v. PALMER A. PETERSON AND ANOTHER. PAUL L. HALVERSON, RESPONDENT.

144 N. W. (2d) 597.

August 5, 1966—No. 39,925.

*Palmer A. Peterson,* pro se, for appellant.
*James P. Rorris* and *Dygert & Gunn,* for respondent.

PER CURIAM.

Defendant appeals from a judgment entered January 28, 1965, granting plaintiff an absolute divorce.

The parties were married on April 29, 1945. They are the parents of two sons, born in 1945 and 1952, and a daughter, born in 1956. Defendant, 47 years of age, is a medical doctor, and plaintiff, 44 years of age, is a housewife with no separate income.

On January 28, 1961, plaintiff commenced this, her fifth, action for divorce, and defendant answered and counterclaimed for a divorce. Amended pleadings presented the issues of each party's claim of cruel and inhuman treatment and the issues of custody, alimony and support, and a division of property— including plaintiff's claims that defendant's average net income exceeded $26,000 and that he had fraudulently transferred or secreted personal property valued in excess of $100,000 with intent to deprive her of a part thereof, some of which assets were transferred to defendant Paul Halverson as trustee.

After extensive pretrial procedures, trial commenced on December 18,

1962, and continued intermittently for 27 days until October 24, 1963. During adjournments and before findings on all issues were made, numerous and varied procedures were employed to ascertain the nature and value of defendant's assets and to prevent his secreting or dissipating them. Orders resulted restraining defendant from so doing, requiring production of records of income and accounts receivable, and appointing a referee to audit records as they were produced. Finally orders were issued sequestering defendant's property and appointing a receiver, followed by further hearings with respect to the extent and value of defendant's property. After the judgment was filed, proceedings which had been pending to cite defendant for contempt culminated in his being adjudged guilty thereof after trial before a judge other than the judge hearing the divorce action.

Findings, conclusions, and order for judgment were first entered on August 17, 1964, and amended December 4, 1964. Thereby plaintiff was granted a divorce, awarded custody of the children, alimony and support, and a division of known property. The court further set aside the inter vivos trust—established days before plaintiff commenced this action—upon a finding that it was a fraudulent device to deprive plaintiff of her rights, reserving jurisdiction to determine the extent and value of the trust assets and of any other undisclosed property and to make a division thereof.[1]

After a hearing provoked by defendant's unsuccessful attempt to disqualify the trial judge from continuing to hear the case, additional testimony was submitted on the issues reserved and supplemental findings were filed on January 26, 1965. These incorporated the court's determination of the value and division of the trust assets and the allowance to plaintiff of attorneys' fees for two attorneys. Judgment was ordered against defendant for the fees fixed and allowed and other expenses of trial, including payment of attorneys' liens filed by three of the five attorneys successively representing defendant. Thereafter defendant filed a motion for amended findings but before hearing it was "absolutely and unequivocally" withdrawn.

Defendant chooses to prosecute this appeal pro se despite representation by various counsel at all stages of the proceeding (most of the time by two separate attorneys) and his disclosure that he now retains counsel to represent him in proceedings pending before the bankruptcy court and to assist him before the trial court.

---

[1] The court, in a memorandum reciting details of defendant's actions with respect to his property, explained that defendant "in anticipation of a divorce action against him which would conceivably be carried through to a conclusion, beginning in 1961 carried out a systematic and deliberate plan of disposing of the bulk of his assets in an attempt to place them beyond the reach of his wife. The inter vivos trust involved herein was part and parcel of this plan."

No settled case, as is required by Supreme Court Rule V (222 Minn. xxx), was filed with defendant's voluminous brief. Although his brief and argument contain multiple complaints amounting to a general attack upon the judgment, the relief he seeks is not clear. Doubtless he does not desire to set aside that part of the judgment granting plaintiff a divorce in view of his disclosure that he has remarried. His complaints regarding the amounts awarded as alimony and support (which he asserts are excessive in view of his present claim of ill health and reduced earning capacity), plaintiff's supervision of the children, and the difficulties encountered in exercising his visitation rights are all subject to further orders of the trial court. His withdrawal of the post-trial motion alleging, among other things, error in allowing attorneys' fees to more than one attorney and denying a jury trial with respect to the reasonable value thereof does not adequately preserve the right to have such claimed errors reviewed on an appeal from a judgment.[2] Under well-settled rules, the only issue properly presented is whether the conclusions of law embodied in the judgment are warranted by the findings of fact.[3] It is obvious that such is the case, and the trial court's decision is entitled to affirmance.

However, making due allowances for the manner of submission, it is evident that defendant's primary effort in this appeal is to secure a reduction in the amount of attorneys' fees allowed to plaintiff. After considering all of defendant's arguments and viewing the record as a whole, we are not persuaded to disturb the allowances made.

In a divorce action the trial court is expressly given discretionary authority by Minn. St. 518.14 to allow reasonable attorneys' fees. The determination of the amount allowed must necessarily depend upon the particular facts of each case. The allowances made will not be disturbed on appeal except for a clear abuse of discretion.

The trial court fixed the amount at the conclusion of the trial, having observed a substantial part of the services performed by both attorneys for plaintiff and after each testified and expressed his opinion of the reasonable value based upon a comprehensive report of the time expended in performing the services. Defendant's counsel cross-examined but introduced no evidence in opposition. The court allowed substantially less than that claimed by counsel to be justified by the time expended. Defendant has paid very little toward plaintiff's attorneys' fees and we understand she is under no personal obligation for such fees. At critical stages of the trial defendant was represented by more than one attorney and, contrary to his claim, there is no evidence that the services of plaintiff's attorneys overlapped or that they were per-

[2] Lowe v. Patterson, 265 Minn. 42, 120 N. W. (2d) 313.

[3] Konkel v. Fort, 245 Minn. 535, 73 N. W. (2d) 613.

formed otherwise than for the purpose of faithfully serving plaintiff's interests. The fees allowed are substantial but are not disproportionate to the time necessarily expended to meet and attempt to solve the difficulties encountered by defendant's most unusual and reprehensible conduct. The record clearly reflects that the protracted nature of the proceeding was due solely to his refusal—whether prompted by his declared hope of effecting a reconciliation or otherwise—to freely and fully reveal his financial status, as he was required to do by applicable rules of procedure, and to his persistent efforts to block every attempt at discovery by plaintiff in a deliberate effort to deprive her of her right to share in the property acquired during coverture. Without detailing defendant's financial condition and other relevant evidence to support the fees allowed by the trial court, no proper purpose would be served in setting forth the figures in this opinion. It is sufficient to conclude that we find the uncontroverted evidence on the issue of reasonable value of the services supports the allowances made. However, the allowances of attorneys' fees in a divorce action should be based upon numerous considerations, and not primarily on the time necessarily expended in the conduct of the case. In fixing such fees, the attorney's role as an officer of the court, as distinguished from his purely private relationship to his client, must be borne in mind. This status necessarily imposes upon the court supervisory control of the amount of fees allowed. Our refusal to interfere is not to be understood as a precedent for the allowance of substantial fees in a divorce action where there is evidentiary support for them, but only as our considered disposition of this unique case.

Affirmed.