Barbara L. SOLON, petitioner,
Respondent,

v.

Vlasie SOLON, Appellant.

No. 46840.

Supreme Court of Minnesota.

June 10, 1977.

Rehearing Denied July 11, 1977.

Weinberg, Litman & Kaner and Sidney E. Kaner, Duluth, for appellant.

Martin A. Rieschl, Duluth, for respondent.

PER CURIAM.

This dissolution proceeding resulted in a default judgment favorable to the wife. The husband moved to reopen the default. The reopening proceeding and the testimo-

ny in the default hearing developed the following undisputed facts:

The parties were married in 1962 and at the time of trial were in their early forties. The wife at the time of the remarriage was an air force widow with two children and was supported by a government pension. One child was born to this marriage in 1964.

At the time of the marriage the wife contributed a substantial sum toward the couple's purchase of a homestead now valued at $45,000 to $47,000.

The husband for the year 1975 earned as resident manager of a brokerage firm the sum of at least $43,000 annually.

The husband submitted an asset and liabilities statement which showed a negative net worth of approximately $20,000.

The status of the mortgage on the homestead as of the year 1976 indicated a balance due of $42,382.

The parties as a result of the reopening proceedings arrived at a stipulation for an order amending the judgment and decree. The amended decree provided for support for the son in the amount of $400 per month, $800 per month alimony for the wife and awarded to the wife the homestead subject to the mortgage. A further property division and allowance of attorneys fees was reserved for future decision by the trial court.

Pursuant to the provisions of the amended decree the wife moved for a division of the property. The court on this motion entered an order which modified the amended decree by providing that the husband pay to the wife the sum of $42,382.63, the balance on the mortgage of the homestead. Also ordered was that the husband pay the wife attorneys fees in the sum of $3,000. No findings were entered by the court.

In the husband's appeal to this court he contends there was no evidence supporting the order as to a division of property or fixing the attorneys fees. Error was also claimed in that the trial court failed to enter findings of fact.

The trial court contrary to the husband's assertions had before him the undisputed facts that defendant:

1. Had an annual gross salary of $43,-000.

2. Made no showing on this record as to what contribution he made toward the purchase of the homestead, yet he caused it to be returned to her subject to a mortgage balance of $42,000, the mortgage having been made a short time before the default judgment was entered.

■ Defendant's income tax returns were before the trial court but not received in evidence and therefore not reviewable by this court. The assets and liabilities statement in that it did not include certain assets is suspect on its face but admits the husband had assets worth $108,797, subject to very questionable liabilities. The husband had a duty to supply information in a proper way and to make a full and accurate disclosure of his assets and liabilities. Failure to do so justifies inference adverse to the party who conceals or evades. *Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970).

■■ The court was justified in reviewing the information presented to weigh the compensation circumstances and liabilities of the parties. The award to the wife of the lump sum was more of a restoration to her of her property than a division of property. In *Bollenbach v. Bollenbach,* this court stated (285 Minn. 426, 175 N.W.2d 154):

"It is axiomatic that in divorce cases the district court must be accorded a broad discretion with respect to the division of property, allowance of alimony, provision for the custody and support of the children of the parties, and allowances for expenses of litigation. * * * Minn.St. 518.58 permits the trial court to make such disposition of property acquired during coverture as 'shall appear just and equitable, having regard to * * * all the facts and circumstances of the case.'"

The allowance to the wife as a division of property the sum of $42,382.63 in effect restores to her the homestead free and clear of the mortgage. Under all of the circumstances of this case and the inference permitted to be drawn, the division of property is fair and equitable and permissible under the provision of Minn.St. 518.58.

■ The alimony and support money were arrived at by agreement of the parties. To claim on appeal the failure of the trial court to make findings does not justify a reversal as this court held in *Hennessy v. Stelton,* 302 Minn. 550, 224 N.W.2d 926 (1974) as follows:

"* * * Although the record is not a model of either completeness or clarity, a review of what is presented establishes no abuse of judicial discretion. Plaintiff urges that the failure of the trial court to make written findings of fact constitutes reversible error. While the making of findings is surely to be preferred in aid of appellate review of an order amending a divorce decree, it is not technically required. Rule 52.01, Rules of Civil Procedure."

■ The husband also challenges the allowance of attorneys fees to the wife's counsel. All counsel presented was a statement of what was performed and the time consumed. No objection to this procedure was made at the trial level. The allowance of attorneys fees rests almost entirely in the discretion of the trial court. Minn.St. 518.14; *Peterson v. Peterson,* 274 Minn. 568, 144 N.W.2d 597 (1966). The allowance of the sum of $3,000 does not appear to be an abuse of discretion. An allowance to the wife's counsel on the appeal in the sum of $350 is hereby granted.

Affirmed.