In re the Marriage of Joan L. BENEDICT, Petitioner, Respondent,

v.

Jerry D. BENEDICT, Appellant.

No. C2-84-915.

Court of Appeals of Minnesota.

Jan. 29, 1985.

Errol K. Kantor, Leslie A. Gelhar, Minneapolis, for respondent.

Milton H. Luoma, Jr., Burnsville, for appellant.

Heard, considered and decided by FOLEY, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Jerry Benedict appeals the trial court's award of arrearages in child support payments to respondent Joan Benedict, whose name is now Joan Ristau. Ristau seeks review under Minn.R.Civ.App.P. 106 of the trial court's determinations unfavorable to her. She also asks for attorney's fees and costs incurred in this appeal. We affirm in part, reverse in part, and remand in part.

## FACTS

The parties were divorced in 1976 by judgment and decree based on a stipulation. The decree granted Ristau sole custody of the couple's two children and provided for child support at $100 per month per child, based on a net monthly income for Benedict of $850. The stipulation and decree provided for an automatic increase to $150 per month per child if Benedict's monthly net income reached $1,200. The decree also required Benedict to provide Ristau with copies of his annual tax statements, which he did not do.

Benedict's payments never exceeded $100 per month per child. For approximately one year he made no payments at all. Ristau then brought her original motion for support arrearages which also requested an increase in child support, an order granting wage withholding under Minn.Stat. § 518.611 (Supp.1983), and attorney's fees. In the course of discovery Ristau obtained Benedict's payroll records from 1976 through 1983, which disclosed that Benedict's income had exceeded $1,200 for every month since the original decree was entered. Ristau amended her motion to obtain arrearages based on a support

obligation of $150 per month per child and, in addition, to request biennial cost-of-living adjustments under Minn.Stat. § 518.-641, subd. 1. Benedict responded with a counter-motion for joint legal custody and attorney's fees.

Benedict's defense at trial for his failure to make the child support payments was that he was unemployed for about two months in 1982 and had incurred about $2,000 in medical expenses. The trial court awarded Ristau arrearages based on an obligation of $150 per month per child, increased child support to $200 per month per child, ordered wage withholding under Minn.Stat. § 518.611, subd. 2, and allowed Ristau to retain sole custody of the couple's two children. It denied Ristau's request for cost-of-living adjustments, outright wage withholding, and attorney's fees.

On appeal Benedict claims that he should not be obligated for arrearages based on a support obligation of $150 per month per child because he was never given notice of his increased obligation, and he claims the suit should be barred by laches.

## ISSUES

1. Does a provision in a dissolution decree for an automatic increase in child support based on an increase in the obligor's income require express notice to the obligor before it can be enforced?

2. Did the trial court abuse its discretion in failing to order cost-of-living adjustments in future support?

3. Did the trial court err in not ordering outright wage withholding of child support?

4. Did the trial court abuse its discretion in not awarding Ristau attorney's fees?

5. Should the court award attorney's fees and costs incurred in this appeal?

## ANALYSIS

### I

█ The issues that Benedict raises on appeal were not raised in the trial court,

and consequently this court, under well-established precedent, need not consider them. *See, e.g., Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979); *Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn. 1979).

Even if the issues were properly before this court, they have no merit. The decree provided for child support at $100 per month per child but specified that "[i]n the event that [Benedict's] net income shall reach the amount of Twelve Hundred Dollars ($1,200.00) per month, then child support shall be increased to One Hundred Fifty Dollars ($150.00) per month per child." Benedict argues that the trial court erred in not construing this language to require express notice of any increase in the support obligation, and he contends that he therefore should not be liable for arrearages based on an obligation of $150 per month per child. Ristau admits that she gave Benedict no notice of his increased support obligation, but argues that she had no way of knowing what his income was because he failed to provide her with copies of his tax statements.

■ Benedict cites two statutes containing notice requirements as support by analogy—Minn.Stat. § 518.641 (Supp.1983) (cost-of-living increases in child support based on the Consumer Price Index) and *id.* §§ 518.611, .645 (automatic withholding of child support from income). These statutory notice requirements are not analogous to the present situation and provide no support for Benedict's position. An obligor, for example, has no actual knowledge of changes in the consumer price index, and while the obligor may be aware of arrearages in support payments, automatic withholding is a significant change in the terms to which the parties agreed. Here, in contrast, Benedict is the only party with actual knowledge about changes in his income, and he specifically agreed to be bound by the terms of the decree. It would be absurd to require Ristau to notify him of an increased support obligation triggered by an increase in his salary, when he has failed to provide her with the tax statements that are her only means of monitoring his salary.

■ Benedict also raises the defense of laches on appeal, claiming that Ristau's seven-year delay in seeking support arrearages owed because of his increased income was unreasonable. He claims she was lax in seeking verification of his income.

The Minnesota Supreme court has stated that judgments for support are considered final judgments, enforceable for the entire ten-year statute of limitations period. *See Dent v. Casaga*, 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973). Equitable defenses are not available in an action for support arrearages brought within the statutory limitation period. *See Ryan v. Ryan*, 300 Minn. 244, 251 n. 2, 219 N.W.2d 912, 916 n. 2 (1974) (citing *Richter v. Richter*, 126 N.W.2d 634 (N.D.1964)).

## II

Ristau requested an order for biennial cost-of-living adjustments, which the trial court denied without findings. Minn.Stat. § 518.641, subd. 5 (Supp.1983), specifically directs that a motion for enforcement or modification of an existing child support order shall include a request for a cost-of-living adjustment and directs that a request for such a clause may be denied only upon express findings that the clause would be inappropriate because the order already provides for step increases or because the obligor's occupation, income, or both do not provide for cost-of-living adjustments.

■ The trial court made no findings in support of its denial. The existing order does not provide for step increases that would have the effect of a cost-of-living clause, and there is no indication that Benedict does not receive cost-of-living increases to his income. Because the trial court did not make the required findings, we remand for appropriate consideration of the issue. *See, e.g., Johnson v. Johnson*, 352 N.W.2d 819 (Minn.Ct.App.1984).

## III

Ristau requested that all future child support payments be withheld outright from Benedict's income. The trial court denied this request and instead ordered wage withholding in conformity with Minn. Stat. § 518.611, subd. 2 (Supp.1983). This subdivision requires notice to the obligor before withholding becomes automatic.

Ristau argues that under § 518.611, subd. 3, the trial court should have ordered outright withholding rather than incorporating the notice provision. At the time of this action § 518.611, subd. 3, provided that:

> [a]n order modifying the amount of maintenance or support, issued after the hearing on the motion to modify, shall provide that payments be made outright by withholding. The provisions of subdivision 2 do not apply.

Read literally, this subdivision can be interpreted to require automatic withholding in all situations where an order is issued after a hearing on a motion to modify.

Subdivision 3 was recently amended, however, to refer specifically to orders made "after the hearing on the motion to modify *under subdivision 2, paragraph (c), of this section.*" 1984 Minn.Laws ch. 547, § 20 (emphasis on added language). The added language makes clear that the imposition of outright withholding is limited to those situations where the motion to modify is one brought under subdivision 2(c) of § 518.611, which applies to obligors who have already been given notice of arrearages. This framework prevents obligors who move to modify under subdivision 2(c) from insisting on a second notice of arrearages before their wages are withheld.

■ Because the decree did not contain the income withholding provisions of Minn. Stat. § 518.611, subd. 2, the trial court did not err in incorporating those provisions and refusing to order outright withholding under Minn.Stat. § 518.611, subd. 3.

## IV

■ Ristau challenges the trial court's denial of her request for attorney's fees under Minn.Stat. § 518.14 (1982). Section 518.14 gives the trial court substantial discretion to direct one party to pay the reasonable legal fees of the other in dissolution actions. *See, e.g., Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). The court retains this discretion in subsequent modification actions. *See Spratt v. Spratt,* 151 Minn. 458, 465-66, 187 N.W. 227, 229-30 (1922).

■ An award of attorney's fees under § 518.14 will not be overturned absent clear abuse of discretion. *See, e.g., Solon v. Solon,* 255 N.W.2d at 397; *Peterson v. Peterson,* 274 Minn. 568, 570, 144 N.W.2d 597, 599-600 (1966). We find no abuse of the trial court's substantial discretion.

## V

Ristau asks for attorney's fees and costs incurred in this appeal. This court has discretion under Minn.Stat. § 549.21 (1982) to charge costs and reasonable attorney's fees where the party has acted in bad faith by asserting claims or defenses known to be frivolous or asserting an unfounded position solely to harass or to delay the proceedings. Although this punitive measure should be sparingly applied, it is warranted in this case.

■ Benedict's only arguments on appeal were raised for the first time before this court and are without legal merit. This is not a good-faith attempt to extend, modify or reverse existing law. It is a baseless appeal. Ristau gave the requisite timely notice of intent under § 549.21 to claim an award. However, we limit the award to $1,000 plus costs because a part of the legal fees incurred by Ristau are attributable to her cross-appeal. We therefore charge against Benedict $1,000 for attorney's fees plus costs on appeal.

## DECISION

The trial court correctly gave effect to the automatic child support increase provi-

sion in the parties' dissolution decree even though Benedict was not expressly notified of his increased obligation. The action was not barred by the equitable doctrine of laches.

The trial court erred in denying without findings Ristau's request for cost-of-living adjustments in future support. It did not err in denying outright wage withholding of child support and did not abuse its discretion in failing to award Ristau attorney's fees.

We award Ristau $1,000 in attorney's fees under Minn.Stat. § 549.21 together with costs because this appeal appears to have been brought solely to delay enforcement of judgment.

Affirmed in part, reversed in part, and remanded in part.