CLAUDE E. EIZENHOEFER v. MARIE T. EIZENHOEFER.

193 N. W. 2d 628.

January 14, 1972—No. 42919.

*Claude E. Eizenhoefer,* pro se, for appellant.

*Coulter, Nelson & Sullivan* and *V. Owen Nelson* and *George A. Beck,* for respondent Nelson.

*Gerald C. Magee,* pro se, for respondent Magee.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

The only issue presented in these divorce proceedings is the propriety of the attorneys' fees awarded the defendant wife. We have determined that they are excessive and reverse.

At the time the order here in question was entered, the parties had two children. The court awarded Mrs. Eizenhoefer $110 a month support for each child and $100 a month alimony. In addition, she was given a one-half interest in the homestead with the right to occupy it.

During the course of this litigation, Mrs. Eizenhoefer retained two attorneys. The trial court allowed her attorneys' fees in the sum of $1,425, in addition to $375 already paid, for service performed by one of the attorneys whose claim was settled prior to the hearing in this court. There remains the question of whether the attorneys' fees allowed Mrs. Eizenhoefer for services rendered by V. Owen Nelson in the sum of $3,550 were reasonable.

Recognizing the difficulty plaintiff would encounter in meeting these obligations, the trial court deferred payment of attorneys' fees until support payments for the elder daughter terminated in October 1974. At that time, the court directed plaintiff to pay Mr. Nelson $80 a month and the other attorney $40 a month. In addition, the court provided that, if the homestead is sold, the balance of the fees is to be paid from plaintiff's share of the proceeds.

It is undisputed that at the time of trial plaintiff's only source of income was his annual salary of $13,352 as a civil engineer for the city

of St. Paul. The only assets assigned to him were a one-half interest in the equity in the parties' home, amounting to one-half of approximately $13,600, a Volkswagen automobile, a nominal amount of corporate stock of no substantial value, and a $10,000 life insurance policy, payable to his wife in trust.

In view of the fact that plaintiff husband has necessarily incurred attorneys' fees of his own in pursuing this litigation, the attorneys' fees awarded his wife, amounting to nearly $5,000, have for practical purposes rendered him insolvent. The fact the fees are payable in installments beginning at some future date does not substantially lessen plaintiff's total liability, as the trial court seemed to suggest.

The attorneys' fees charged against plaintiff were based on an estimated 71 hours of professional services at $50 an hour. We are committed to a conservative policy with respect to the allowance of attorney's fees in divorce actions.[1] We have held that the allowance of fees in such matters should not be based primarily on the time necessarily expended in conduct of the case.[2] Here, the trial court gave insufficient consideration to the financial standing of the husband and the resources which were available to him. While ordinarily we are reluctant to fix fees in matters of this kind, we have concluded that they should not exceed the sum of $1,500. However, since the trial court deferred payments until October 1974 on the basis of a much larger award, we deem it appropriate to remand the matter for a reconsideration of the manner in which the attorneys' fees should be paid.

Reversed and remanded.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] Borchert v. Borchert, 279 Minn. 16, 21, 154 N. W. 2d 902, 906 (1967).

[2] Peterson v. Peterson, 274 Minn. 568, 571, 144 N. W. 2d 597, 600 (1966).