**In re the Marriage of Steven KOHNER, Petitioner, Respondent,**

v.

**Patricia KOHNER, Appellant.**

**No. C2–84–1093.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

Review Denied Feb. 27, 1985.

Streater, Murphy, Gernander, Beerling & Forsythe, Winona, for respondent.

O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for appellant.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Patricia Joanne Kohner appeals from a judgment awarding her $200 per month maintenance, ordering respondent Steven George Kohner to pay $13,273.24 of her attorney's fees, and $10,466.44 of her expert witness fees. Patricia also claims the trial court failed to provide for psychiatric counseling expenses. We affirm in part and reverse in part.

## FACTS

The parties had been married approximately 13 years. Steven is 39 and Patricia is 38. Steven owns several corporations and partnerships located in both Minnesota and Wisconsin.

The parties have four minor children, ages 12, 11, 10 and 7. The parties have joint legal custody; Steven has physical

custody and is responsible for all medical expenses of the children.

Patricia is presently unsuited for employment or retraining for employment and is in need of continued weekly counseling for herself and the children. She is counseling with a psychiatrist in Rochester and incurs expense for those services at $80 per hour session. The monthly budget submitted by Patricia did not make provision for this item.

Steven admitted a net worth of $930,051.69, but Patricia has developed through appraisals and discovery evidence supporting an alleged net worth of Steven of 1.3 to 1.5 million dollars. Steven's assets were primarily nonmarital.

Patricia was entitled to retain approximately $25,000, or one-half, of the proceeds arising out of the sale of a property. Additionally, Patricia was awarded a four-plex apartment building in which she lives and which was owned by the parties. The building was valued at $96,000. Steven was also required to establish a trust (from nonmarital assets) in the amount of $120,000, bearing interest at the rate of ten percent (10%) per annum with interest to be distributed to Patricia at the rate of $1,000 per month.

Patricia requested present monthly maintenance of $700 in addition to the $1,000 per month she is to receive from the trust. These sums are both taxable to her. She alleges $1,338 per month of expenses, excluding income taxes. Steven acknowledges his financial ability to pay the requested sum at this time, but denies that the sum is reasonable and necessary for her. The trial court ordered Steven to pay $200 per month as maintenance to supplement the $1,000 per month distributed by the trust.

Patricia incurred attorney's fees in the sum of $26,546.47 and $20,932.87 in experts' fees. The trial court ordered Steven to pay one-half of the attorney's fees incurred and one-half of the experts' fees. Patricia has already paid $12,851 towards attorney's fees. Steven did not file a notice of review challenging the reasonableness of the fees.

No provision was made for psychiatric counseling expenses. Patricia's monthly budget did not make provision for this item.

### ISSUES

Did the trial court abuse its discretion by:

1. awarding only $200 per month in maintenance?

2. ordering Steven to pay only one-half of Patricia's attorney's fees and expert witness fees?

3. failing to provide for the future psychiatric expenses of Patricia?

### ANALYSIS

#### I.

A trial court has broad discretion in awarding spousal maintenance. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn.1983). An award of maintenance will not be disturbed absent a clear abuse of discretion. *Krick v. Krick*, 349 N.W.2d 350, 352 (Minn. Ct.App.1984).

An award of maintenance is proper if the trial court finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment * * *.

Minn.Stat. § 518.552, subd. 1 (1982). The legislature has specified seven factors for determining the type and amount of maintenance. *See* Minn.Stat. § 518.552, subd. 2 (1982). "[T]he issue is basically the financial needs of the parties and their ability to meet those needs." *Taylor*, 329 N.W.2d at 800. Patricia argues the award of only $200 per month as maintenance was a clear abuse of the trial court's discretion. At

first blush, this may appear so but must be examined within the whole context of the decree.

■ Although Patricia is 38 years old, was a homemaker for over 13 years and is presently unemployable, she has sufficient property to provide for her reasonable needs. Patricia has a proposed budget of $1,338 per month. She was given a four-plex apartment building which has been valued at approximately $96,000. The building not only provides permanent, stable living quarters for her, but nets a monthly income of approximately $98 per month (based on 1982 figures: net cash flow less depreciation).

This income is supplemented by the $1,000 per month trust income and the $200 per month maintenance allowance. With these figures in mind, the trial court's award of maintenance was not a clear abuse of discretion. Patricia's monthly income will allow her to meet monthly expenses. If unforeseen expenses arise in the future, she can petition the trial court for an increase in maintenance. *See* Minn. Stat. § 518.64, subd. 2 (Supp.1983).

## II.

Patricia claims that the amount of attorney's fees and experts' fees awarded by the trial court was unsupported by the evidence and an abuse of discretion. Patricia incurred $26,546.47 in attorney's fees, and the trial court ordered Steven to pay one-half, or $13,273.24. The trial court also required Steven to pay $10,466.44 of experts' fees out of a total of $20,932.87. The fees were for real estate appraisals, business asset appraisals, corporation evaluations, accounting services, and employment and counseling experts.

Minn.Stat. § 518.14 (1982) provides:

In a proceeding brought either for dissolution or legal separation under this chapter, the court, from time to time, after considering the financial resources of both parties, *may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding,* and to pay

attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment. The court may adjudge costs and disbursements against either party. * * *

(Emphasis added.)

■ The Minnesota Supreme Court and this court are committed to a "conservative policy with respect to the allowance of attorney fees in divorce actions." *Eizenhoefer v. Eizenhoefer,* 292 Minn. 442, 443, 193 N.W.2d 628, 629 (1972). This policy includes experts' fees. Here, the large expert and attorney's fees, particularly since the expenditures were associated mainly with nonmarital assets, is troublesome to this court. However, since the reasonableness of the total amounts was not directly raised on appeal, we will not address the issue.

■ Under these facts, Patricia does not have the ability to pay her half of the fees and costs incurred. Patricia received a limited property settlement which would be depleted if she is required to pay one-half of her attorney's fees and one-half of her experts' fees. Patricia has already paid her counsel $12,851 in attorney's fees out of the $25,000 received from the real estate sale. Patricia has no separate means of support. Given her monthly expenses of $1,338 and income of $1,298, Patricia would not have the ability to meet her financial needs if forced to pay one-half the fees incurred. Although Patricia could sell her four-plex in order to pay the fees incurred, this would disturb her stability in living habits and would have the result of increasing her monthly expenses by requiring her to rent another apartment and reducing her income by $98 per month. On the other hand, Steven has a net worth in excess of $900,000, with ample means to pay these expenses.

Based on the circumstances of this case, the trial court's division of fees was a clear abuse of discretion. We therefore direct Steven to pay all of the attorney's fees and all the experts' fees incurred by Patricia.

## III.

■ Lastly, Patricia claims the trial court's failure to provide for the future psychiatric expenses of Patricia was an abuse of discretion. It was stipulated by the parties that Patricia is presently unsuited for employment and is in need of continued counseling.

The trial court did not include the expense of psychiatric counseling in its award of maintenance. A separate allowance for future psychiatric expenses was necessary since the monthly budget submitted by Patricia did not make provision for this item and because Patricia has no separate means of support. If a separate allowance is not made, Patricia would have to forego necessary counseling. Therefore, we order Steven to pay the reasonable and necessary costs of psychiatric care as they may be incurred by Patricia.

### DECISION

The trial court did not abuse its discretion by awarding $200 per month in maintenance.

Where Steven has a net worth in excess of $900,000 and Patricia has no independent means of support, the trial court's order requiring Steven to pay only one-half of attorney's fees and experts' fees incurred by Patricia was a clear abuse of discretion.

A separate allowance for future psychiatric expenses was necessary since the monthly budget submitted by Patricia did not include this item, and she has no separate means of support.

Affirmed in part and reversed in part.