**In re the Marriage of Maryls Rae PETERSON, petitioner, Respondent,**

v.

**Donald Allan PETERSON, Appellant.**

No. C1–85–1158.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Beverly J. Anderson, Minneapolis, for respondent.

John P. Guzik, Roseville, for appellant.

Considered, and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

### OPINION

HUSPENI, Judge.

Husband, Donald Peterson, appeals the provisions of a marriage dissolution decree which award to wife, Marlys Peterson, $300 monthly maintenance until husband retires, wife remarries, or until the death of one of the parties. We affirm in part, reverse in part and remand.

## FACTS

The parties were married for nearly twenty-four years before the dissolution of this marriage in April 1985. At the time of the dissolution, wife was forty-two and husband was forty-five. The parties had three children, now emancipated.

Throughout most of the marriage, husband was employed as an over-the-road truck driver and wife worked as a home-maker. Husband recently began employment at the University of Minnesota as a construction laborer at a net monthly income of $1,556. For the past three years, wife has been employed full-time as a cashier at the University of Minnesota and she has a net monthly income of $835. The trial court determined that wife's reasonable monthly living expenses are $1,049 and husband's are $1,054.21.

Pursuant to the parties' stipulation, the trial court awarded husband his 1975 Ford pickup truck, his $2,000 IRA account and the personal property in his possession. Wife was awarded a 1978 Fairmont, $350 in U.S. Savings Bonds, and the personal property in her possession, plus an additional $1,500 from husband to equalize the property distribution. Each party was also awarded his or her own pension and each is responsible for their respective attorney's fees.

The parties owned a home valued at $68,000 and encumbered by a $6,412.51 mortgage. The trial court divided the interest in the homestead by directing husband to pay wife $30,793.85 within sixty days of the judgment and following the payment wife was to quit claim her interest in the homestead to husband. Alternatively, if husband did not pay wife her interest in the homestead, the home was to be sold and the net proceeds after deduction of the mortgage and costs of sale were to be divided equally between the parties.

The trial court considered wife's realistic income prospects and the amount of property available to her and determined that she had insufficient resources to provide for her reasonable needs. The trial court awarded her $300 per month in spousal maintenance until husband retires, wife remarries or until the death of either party. The record does not indicate the condition of the parties' health nor their educational or vocational backgrounds or skills.

## ISSUES

1. Did the trial court abuse its discretion in awarding maintenance of $300 per month to respondent?

2. Absent a finding that it was unlikely respondent would become self-sufficient, did the trial court abuse its discretion in awarding permanent maintenance?

## ANALYSIS

### I.

Husband claims that the trial court abused its discretion in awarding wife any maintenance whatsoever. We cannot agree. The trial court has broad discretion in awarding maintenance and it will not be reversed absent a clear abuse of discretion. *O'Brien v. O'Brien*, 343 N.W.2d 850, 852 (Minn.1984); *Kohner v. Kohner*, 358 N.W.2d 721, 723 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Feb. 27, 1985).

A court may award maintenance if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1 (1984). In determining the proper award of maintenance, the trial court is to consider:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision

for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the probability, given the spouse's age and skills, of completing education or training and becoming fully self-supporting;

(c) The standard of living established during the marriage;

(d) The duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have become outmoded and earning capacity has become permanently diminished;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance;

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(g) The contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.552, subd. 2 (1984).[1]

The trial court's Finding of Fact XI in part provides:

Considering [wife's] realistic income prospects and considering the amount of property available to her after an equitable distribution the Court finds that [wife] has insufficient resources to provide for her reasonable needs and that [husband] is capable of contributing to her support while adequately supporting himself.

■ Although husband's statement of the case indicates that a sixteen page transcript of the hearing was prepared and his brief makes reference to particular portions of the transcript, the district court file does not contain a copy of the transcript. Receipt of that transcript would have facilitated meaningful review. The limited record causes us to accept the trial court's finding that wife has insufficient resources to provide for her reasonable needs. There is no factual basis to declare that finding clearly erroneous. *See Otis v. Otis*, 299 N.W.2d 114, 115 n. 1 (1980). Considering the trial court's findings and the factors set forth in Minn.Stat. § 518.552, subd. 1 and 2, we conclude that the $300 monthly maintenance award was not a clear abuse of discretion.

## II.

Husband also argues that the trial court abused its discretion in awarding wife permanent maintenance. In *McClelland v. McClelland*, 359 N.W.2d 7 (Minn.1984), the supreme court explained that "permanent awards are to be restricted to 'certain exceptional cases' where there is little likelihood of the once-dependent spouse's attaining self-sufficiency." *Id.* at 10 (quoting *Arundel v. Arundel*, 281 N.W.2d 663, 666 (Minn.1979)). *See also Abuzzahab v. Abuzzahab*, 359 N.W.2d 12, 14 (Minn.1984); *Otis*, 299 N.W.2d at 117.

■ Again, recognizing that we have only a limited record before us, we note that the trial court made no finding regarding wife's health, her vocational or educational training, or her skills. The trial court's findings of fact do not indicate any unlikeliness that wife will obtain self-sufficiency in the future. We conclude that this is not the exceptional case spoken of in *McClelland*. Wife is forty-two years old and reentered the job market on a full-time basis as a cashier three years ago. Her net monthly income is $835. Prior to her return to full-time employment, she worked part-time as a cashier. She is a pension-plan participant. The parties' children are emancipated and wife's reasonable monthly living expenses are $1,049. There is no indication in the record that wife is physically or emotionally disabled. Under these

---

1. Minn.Stat. § 518.552 (1984) was amended in May 1985. *See* 1985 Minn.Laws ch. 266, § 2.

circumstances, we cannot sustain the trial court's award of permanent maintenance.

Upon remand the trial court shall determine an appropriate durational limitation of the maintenance award in light of the factors set forth in Minn.Stat. § 518.552, subd. 2 (1984). The trial court may also provide for a reservation of maintenance at such time as the limited award terminates, thereby assuring to itself the authority to continue, revise, or reinstate maintenance if future circumstances warrant. *Peterson v. Peterson,* 367 N.W.2d 90, 95 (Minn.Ct. App.1985).

### DECISION

The trial court did not abuse its discretion in awarding maintenance of $300 per month to respondent. However, permanent maintenance is not warranted since there is no indication in the record of the unlikeliness of respondent's future self-sufficiency.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.