In re the Marriage of Richard Joseph
RYAN, Petitioner, Respondent,

v.

Nancy Ruth RYAN, Appellant.

No. C2–85–1315.

Court of Appeals of Minnesota.

March 11, 1986.

Review Denied May 16, 1986.

Richard A. Zimmerman, Ryan, Ryan &
Zimmerman, Aitkin, for respondent.

Theodore K. Abe, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant, Nancy Ryan, appeals from a dissolution judgment and contends that the trial court abused its discretion when it denied her request for spousal maintenance or a review of the issue in seven years, when it awarded respondent, Richard Ryan, his entire pension, and when it de-

nied her request for attorney's fees. We affirm.

## FACTS

The marriage of Nancy and Richard Ryan was dissolved in April 1985. They had been married twenty-six years. Both parties were forty-eight years old at the time of the dissolution. The two youngest of four children are sixteen and fourteen. The parties were granted joint legal custody of these children. Appellant was granted physical custody.

Respondent has been a police officer since 1961 and was appointed chief of police for Aitkin, Minnesota in 1981. At the time of the dissolution, his net monthly income was $1,408.96. He has a vested pension that will provide a monthly income of approximately $1,237 when he reaches age fifty-five. The trial court found the present value of the pension to be $65,212. His expenses were found to be $1,586.35 per month, including $422 per month for child support.

Appellant was a homemaker and cared for the parties' children during the marriage. In addition, she has operated her own wallpapering and painting business for the past twenty years. She has established a good business reputation within the Aitkin community. Her net income has ranged from approximately $10,000 in 1981 to $7,500 in 1984.

During the Ryans' marriage, respondent's income was deposited in a joint checking account to pay the family's expenses. Appellant deposited her income into a separate savings account and did not regularly contribute to the family's support. At the time of the parties' separation, appellant withdrew the approximately $22,000 in her savings account and gave it to her sister to hold in trust for her. By the time of the dissolution hearing, appellant had spent approximately $10,000 from these savings.

In addition to this savings account, the Ryans had two other significant assets:

respondent's pension valued at $65,212 with tax consequences estimated at $7,304 for a value of $57,908 and the Ryans' home valued at $45,000 with mortgages on the house and garage totaling $6,541 for a net value of $38,459.

The trial court awarded appellant the homestead and the approximately $11,000 remaining in her savings account plus two vehicles and the household furnishings. Respondent was awarded his pension, a vehicle and various personal items. In addition, the trial court provided that:

> [Nancy Ryan] shall be granted physical custody of the children as long as they shall reside in the City of Aitkin, Minnesota. That [Nancy Ryan] shall not change the residence of the minor children without the consent of [Richard Ryan] or without further order of the court.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant spousal maintenance or a review of the issue after seven years?

2. Did the trial court abuse its discretion in its division of the marital property?

3. Did the trial court abuse its discretion in denying appellant's request for attorney's fees?

## ANALYSIS

### I.

#### Spousal Maintenance

◼ Appellant contends that she has been involved in a "traditional marriage" for the past twenty-six years and should have been awarded spousal maintenance. She also claims that her ability to find employment is greatly restricted by the portion of the trial court's judgment and decree that requires her to remain in Aitkin with the minor children because Aitkin offers few employment opportunities.[1]

---

1. In her appeal appellant has not challenged the

trial court's mandate that she may have physical

A trial court has broad discretion in awarding spousal maintenance. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn.1983). This court will not disturb an award of maintenance absent a clear abuse of discretion. *Id.* Related findings of fact will also be upheld unless clearly erroneous. *Kottke v. Kottke*, 353 N.W.2d 633, 635 (Minn.Ct.App.1984), *pet for rev. denied*, (Minn. Dec. 20, 1984).

Before a court may grant maintenance two requirements must be met. The court must find that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support [herself] after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1(a), (b) (1984).

■■■ Awards of permanent maintenance should be limited to cases where there is an older, dependent spouse in a lengthy "traditional" marriage with little likelihood that the spouse will become self-sufficient. *Arundel v. Arundel*, 281 N.W.2d 663, 666 (Minn.1979); *Abuzzahab v. Abuzzahab*, 359 N.W.2d 12, 14 (Minn. 1984).

Further, when awarding maintenance:

the essential consideration is the financial need of the spouse receiving maintenance, and the ability to meet that need, balanced against the financial condition of the spouse providing the maintenance.

*Novick v. Novick*, 366 N.W.2d 330, 334 (Minn.Ct.App.1985).

The trial court here found:

13. That [Nancy Ryan] is the owner of a painting and wallpapering business and has been self-employed in that business for approximately 20 years in the Aitkin area. She is able-bodied and is under no physical disability which prevents her from being employed. That she has acquired a reputation in the Aitkin area for being a skilled painter and has established a business reputation in the area.

14. That during the years of the marriage, [Nancy Ryan] has maintained total control over her business income and [Richard Ryan] was not informed as to the extent of her income and expenses.

In addition, the trial court found that respondent's expenses were $1,586.36 per month while his income was only $1,408.06. Under all the circumstances present here, we cannot conclude that the trial court abused its discretion by not awarding appellant either permanent or temporary spousal maintenance.

## II.

### Pension Payments

Appellant also contends that the trial court should have awarded her a portion of respondent's pension payments. She claims this award is necessary to ensure an equal division of the property.

■■■ When reviewing a trial court's division of marital property, the standard of review is narrow.

A trial court has broad discretion in dividing marital property upon dissolution of a marriage. Its decision will be overturned only for a clear abuse of discretion. This court on review must affirm the trial court's division of property if it

custody as long as the minor children reside in Aitkin and that she cannot change the children's residence without the consent of respondent or court order. We note, however, that such a residential restriction is impermissibly restrictive in regard to relocating the children's residence within the state of Minnesota. *See Sef-*

*kow v. Sefkow*, 378 N.W.2d 72, 74 (Minn.Ct.App. 1985), *pet for rev. denied*, (Minn. Jan. 17, 1986); *Bateman v. Bateman*, 382 N.W.2d 240 (Minn.Ct. App. 1986). This restriction also is contrary to the presumption favoring removal set out in *Auge v. Auge*, 334 N.W.2d 393 (Minn. 1983).

had an acceptable basis in fact and principle * * *.

*Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984). The overriding requirement in dividing marital property is that the division is equitable. *Oberle v. Oberle,* 355 N.W.2d 210, 212 (Minn.Ct.App.1984). An interest in pension benefits is marital property to be considered in the trial court's division. *Taylor,* 329 N.W.2d at 797–98.

■ Appellant argues that the homestead awarded to her with its existing mortgages has a value of only $38,459 while the pension benefits were valued at $65,212. Although the value of the homestead was not equal to the present value of the pension benefits, there were other assets including two vehicles with no encumbrances and approximately $12,000 in cash that were awarded to appellant. The trial court's total award to appellant was valued at $68,168 while the award to respondent totaled $64,499 (after deducting $7,304 as tax consequences on the pension).

This division provided appellant with a home and current cash assets. Respondent was awarded his future pension payments. The trial court found that respondent's expenses were $1,586 per month while appellant's expenses were $1,030 per month. The record also showed that respondent had contributed all of his income to meet the Ryans' expenses during their marriage while appellant had only occasionally contributed to their support. Under these circumstances we conclude there was an acceptable basis in fact and principle for the trial court's division of property and the division was within the trial court's discretion.

### III.

#### Attorney's Fees

■ Finally, appellant contends that the trial court abused its discretion in not awarding her attorney's fees.

The awarding of attorney's fees is almost entirely within the discretion of the trial court. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). Minnesota courts are committed to a "conservative policy with respect to the allowance of attorneys' fees in divorce actions." *Eizenhoefer v. Eizenhoefer,* 292 Minn. 442, 443, 193 N.W.2d 628, 629 (1972).

There is no showing in the present case that appellant cannot pay the fees or that payment of the fees would deplete appellant's funds. Nor is there any great disparity in the awards to the parties or in their incomes. Under these facts, there was no abuse of discretion.

### DECISION

The trial court did not abuse its discretion in denying appellant spousal maintenance, in dividing the marital property, or in refusing appellant's request for attorney's fees.

Affirmed.