**In re the Marriage of Sverre KVENILD, Petitioner, Respondent,**

v.

**Margaret N. KVENILD, Appellant.**

**No. C8-87-75.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

John P. Guzik, Lawrence D. Olson & Associates, St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Margaret Kvenild appeals from a dissolution judgment which did not provide her maintenance or any of her husband's pension, and found a family farm to be marital property. We affirm.

## FACTS

Sverre and Margaret were married in December, 1946. They have no children. Sverre is now nearly 70 years old; Margaret is 67. While Sverre has good health,

Margaret has poor eyesight and painful back and foot problems. She wears a back brace and orthopedic shoes. Her mobility is limited.

Sverre previously filed for divorce in 1976, but the Kvenilds reconciled. In connection with the reconciliation, the parties closed all their savings accounts, divided the money 50-50, and deposited their respective shares in individual accounts. At commencement of this action, Margaret had $137,615.19 and Sverre $116,638.32 in savings.

Both parties receive approximately equal interest income from the accounts. Sverre and Margaret both held jobs during the marriage and receive social security benefits. However, he receives $714 monthly plus $234.50 in pension benefits, while she receives only $291 from social security.

Sverre and Margaret received almost exactly equal shares of real property from the dissolution. He was awarded the homestead and other property, with a total value of $115,700. Margaret received a lake house as well as 250 acres of farmland in Becker County, which she requested, with a total value of $115,300. The overall property division was almost equal, with Sverre receiving $259,800 and Margaret $268,815. Because of the slight discrepancy in the division, Margaret was to pay her own attorney fees. The court did not divide the $234.50 monthly that Sverre receives as pension income.

## ISSUES

1. Did the trial court abuse its discretion by failing to award appellant spousal maintenance?

2. Did the trial court abuse its discretion in failing to award appellant one-half of her husband's pension income?

3. Was the farmland awarded to appellant nonmarital property?

## ANALYSIS

Property division shall be just and equitable and must reflect, in short, the parties' ages, health, education, future opportunities and station in life. Minn.Stat.

§ 518.58 (1986). Spousal maintenance may be awarded if, after the property division, one spouse "lacks sufficient property * * * to provide for [that spouse's] reasonable needs considering the standard of living * * * during the marriage." Minn.Stat. § 518.552, subd. 1(a). Maintenance is also justified if one spouse cannot adequately support him or herself in the accustomed manner. Minn.Stat. § 518.552, subd. 1(b). In this case, the trial court simply concluded "[n]either of the parties hereto shall be awarded any spousal maintenance." The trial court did not make findings on its failure to award maintenance.

Here, Sverre nets about $400 more than his wife in monthly income from all sources. The trial court has broad discretion in such matters. "There must be a clearly erroneous conclusion that is against logic and the facts * * * before this court will find that the trial court abused its discretion." *Swanstrom v. Swanstrom*, 359 N.W.2d 634, 636 (Minn.Ct.App.1984).

In reviewing the trial court's failure to award maintenance the key question is whether Margaret received sufficient property to pay for her reasonable needs. Future employability is not relevant because both parties are over 65 and do not work. Although the trial court did not make findings to justify its decision, the court's rationale is obvious enough. Margaret received extensive properties and a great deal of cash which gives her, together with social security, approximately $1,000 in monthly income. Her estimated monthly expenses are either $1,239.63 or $1,309.00 depending on the reference. However, those estimates include $280 in monthly repairs and gas for a car she seldom uses, as well as $150 in monthly medical expenditures for braces and orthopedic shoes, which are not monthly purchases. Margaret insisted on receiving the 250 acre farm, worth $52,100, to which she has a sentimental attachment, and because she does not want to live in the lake home, she has purchased a residential property in the Twin Cities.

Sverre's monthly expenditures were listed pre-trial as $1,182.70. This figure included $340 in rent, which he now does not

pay since he resides in the homestead. Sverre's excess monthly income demonstrates an ability to pay spousal maintenance, but it should not influence an evaluation of whether Margaret has "sufficient property."

Although the statute lists seven factors to be considered in determining a maintenance award, the essential consideration *is the financial need of the spouse* receiving maintenance, *and the ability to meet that need,* balanced against the financial condition of the spouse providing the maintenance.

*Novick v. Novick,* 366 N.W.2d 330, 334 (Minn.Ct.App.1985) (emphasis added).

■ If Margaret sells her farm or lake home and invests the proceeds, she will have ample funds to support herself. Under the abuse of discretion standard, the trial court's property division and maintenance decision was not error.

■ The principal consideration in a marital property division is that it be equitable. The pension plan is marital property to be factored into the division. *Ryan v. Ryan,* 383 N.W.2d 371, 374 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. May 16, 1986). The division of the pension funds was not litigated. Neither was the question of maintenance. However, the trial court divided the marital property as nearly equal as possible. Since Sverre was already receiving the pension, the court could have divided the income of $234 per month. *See Faus v. Faus,* 319 N.W.2d 408, 413 (Minn.1982). That it did not do so in light of the overall equitable decision is not clearly erroneous. These parties have sufficient property to provide for their respective needs.

■ Margaret argues that the 250 acre farm was partially paid for from an inheritance and should be considered nonmarital property. Sverre acknowledges she received an inheritance, but that it was deposited in one of her accounts and not used to purchase the land. Property acquired during the marriage is presumed to be marital. Minn.Stat. § 518.54, subd. 5 (1986). The burden is on the spouse who seeks the nonmarital classification to over-

come the presumption by a preponderance of the evidence. *Van de Loo v. Van de Loo,* 346 N.W.2d 173, 177 (Minn.Ct.App. 1984); *Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984). The burden has not been met.

### DECISION

The trial court did not err in its division of marital property, in not awarding maintenance, or in not dividing respondent's pension income where appellant was awarded sufficient assets to provide adequately for her support.

Affirmed.